[Cite as *State ex rel. Knox v. Black*, 2026-Ohio-2978.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. LARRY KNOX

    Relator

    v.

JENNIFER BLACK

    Respondent

C.A. No. 26CA000146

ORIGINAL ACTION IN HABEAS CORPUS

Dated: August 3, 2026

---

PER CURIAM.

{¶1} Relator, Larry Knox, has petitioned this Court for a writ of habeas corpus. Because Mr. Knox did not comply with the mandatory requirements of R.C. 2969.25(A), this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Jennifer Black, the warden of Lorain Correctional Institution, is a government employee, and Mr. Knox, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} R.C. 2969.25(A) requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. For each action or appeal, the affidavit must contain specific information that includes "[a] brief description of the nature of the civil action or appeal. . . ." R.C. 2969.25(A)(1). In addition, the affidavit must include:

> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(2) through (4).

{¶4} Mr. Knox filed an affidavit of prior civil actions along with his complaint. In his affidavit, he identified four civil actions from the last five years. For each, he provided the case name, the case number, the court in which the case was filed, and a disposition. Mr. Knox did not, however, provide the names of the parties to each case or a "brief description of the nature of the civil action" as required by R.C. 2969.25(A). His affidavit also failed to include any information about a fifth case that was filed in this Court on February 4, 2026. *See State ex rel. Knox v. Black*, 2026-Ohio-2230 (9th Dist.). Mr. Knox's affidavit was therefore deficient. "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3. In other words, strict compliance with the statute is required by the Supreme

Court's decisions, and noncompliance with the statutory requirements is fatal.  *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2023-Ohio-4107, ¶ 6 (9th Dist.).  Because Mr. Knox failed to comply with the mandatory requirements of R.C. 2969.25(A), this case is dismissed.

{¶5}  Costs taxed to Mr. Knox.  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58(B).

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

LARRY KNOX, Pro Se, Relator.

D. ANDREW WILSON, Attorney General